IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01520-LTB-CBS

JAMIE L. SMITH,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

## JOINT STIPULATED CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

    a)    "Confidential" or "Confidential Documents" or "Confidential Information" as used herein, references any information of any type, kind or character which the party reasonably believes to be confidential pursuant to Fed. R. Civ. P. 26(c), and which is designated as "Confidential" by Plaintiff or Defendant whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, which information has not been made available to the public at large and which concerns or relates to information of a personal nature which would not generally be disclosed to the public, trade secrets or other confidential research, development, or commercial information, including but not limited to the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training manuals or marketing information, pricing information, insurance rating information, internal forecasts, profit information, marketing strategies and approaches, terms of executory contracts related to product and pricing, or personal

information relating to insureds.

Review of the Confidential Documents or Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or information or objections to production.

The inadvertent, unintentional, or in camera disclosure of a Confidential Document or Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

Documents or other information may be designated Confidential by the producing party pursuant to Fed. R. Civ. P. 26(c), provided such documents or information have not previously been disclosed by the producing party on a non-confidential basis to anyone except those in its employment or those retained by it. Confidential Documents or parts thereof will be designated by marking each page of the document as "Confidential." Other types of electronic information will be marked Confidential in a manner consistent with the manner in which the information is maintained. Parties will only label or identify documents or information as Confidential which they, in good faith, believe is within the definition of Confidential set forth in paragraph a) above.

Documents or information designated Confidential shall be shown only to the attorneys, the attorneys' staff, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is provided with copies of Confidential Documents or Confidential Information shall first be shown a copy of this Stipulated Confidentiality Order and shall be required to execute an Acknowledgement of Stipulated Confidentiality Order in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and submitting to the jurisdiction of the U.S. District Court for State of Colorado for purposes of enforcement of this

Stipulated Confidentiality Order. Signed Acknowledgment Forms shall be kept by the disclosing attorney. If ordered by the Court, the signed Acknowledgment Forms will be provided to the Court under seal.

If any document or item containing Confidential information produced in this litigation, including any portion of a deposition, is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit it under seal in accordance with District Court of Colorado Local Civil Rule 7.3 and label it "Confidential" in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal," subject to Court procedures.

If a party believes that a document or information designated Confidential by the producing party does not warrant such designation, the party's counsel shall first make a good faith effort to resolve such a dispute with opposing counsel. In all instances, notice of objection to the Confidentiality designation can also be made at a deposition when information is designated at the deposition as Confidential. In the event that a dispute regarding a confidentiality designation cannot be resolved by the parties, either party may apply to the Court or special master for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in paragraph a) above. This designation shall be in writing and served upon opposing counsel. No objection shall be interposed at deposition that an answer would elicit Confidential information. Transcripts will be treated as Confidential for this 30 day period. Any portions of a transcript designated Confidential shall thereafter be treated as Confidential in

accordance with this Confidentiality Order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated Confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim Confidential Information, or that set forth the substance of such Confidential Information.

Nothing herein shall restrict a party: (1) from using or disclosing Confidential Documents or Confidential Information obtained by such party independent of discovery or disclosure in this action, whether or not such documents or information is also obtained through discovery or disclosure in this action; or (2) from disclosing its own Confidential Documents or Confidential Information as it deems appropriate; or (3) from making any disclosures ordered by the Court. In the event a party knowingly and intentionally chooses to disclose its own Confidential Documents or Confidential Information in a non-confidential manner, it shall be deemed to have waived the right to claim confidentiality to that document and all related documents.

If at any time in the future any person demands by subpoena or other compulsory process (collectively, "subpoena") the production of Confidential Documents or Confidential Information governed by this Stipulated Confidentiality Order, the party served with the non-party subpoena must notify the party that produced the Confidential Documents and/or Confidential Information within seven (7) days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the party who produced the Confidential Documents and/or Confidential Information with sufficient information and an opportunity to protect the interests of the producing party by opposing the subpoena.

Within sixty (60) days of the termination of this litigation in its entirety, including any appellate process, the originals and all copies of Confidential Documents or documents

Case 1:09-cv-01520-LTB-CBS   Document 14   Filed 12/21/09   USDC Colorado   Page 5 of 8

referencing Confidential Information, shall be destroyed or shall be given to the party who produced such Confidential Information or Confidential Documents. All individuals who have received Confidential Documents or Confidential Information shall certify in writing that all such documents or information has been returned or destroyed. The counsel for the party receiving such certifications shall maintain copies of the same and shall have them available to provide to the party whose Confidential Documents or Confidential Information was provided to the individual.

This Stipulated Confidentiality Order shall survive the termination of this case, and the Court shall retain jurisdiction to enforce the terms of this Stipulated Confidentiality Order. Any party who signs this Stipulated Confidentiality Order or who receives Confidential Information or Confidential Documents covered by this Order agrees to be subject to the jurisdiction of this Court with respect to any dispute involving the subject matter of this Stipulated Confidentiality Order.

DATED at Denver, Colorado, this 21st day of December, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

We hereby consent to the form and entry of the above Order.

| | |
|---|---|
| /s/ Robert A. Garcin<br>Robert A. Garcin, Atty Reg. #14873<br>Law Offices of Robert A. Garcin<br>210 East 29th Street, Suite A<br>Loveland, CO 80538<br>Telephone: (970) 667-4700<br>Fax:   (970) 667-8955<br>E-mail: RAGarcin@aol.com<br><br>Attorney for Plaintiff | /s/ Meloney Cargil Perry<br>Meloney Cargil Perry, CO Bar #35379<br>Meckler Bulger Tilson Marick & Pearson, LLP<br>10,000 North Central Expressway, Suite 1450<br>Dallas, TX 75231<br>Telephone: (214) 265-6200<br>Fax: (214) 265-6226<br>E-mail: meloney.perry@mbtlaw.com<br><br>and<br><br>Gregory K. Falls, CO Bar #17430<br>Deisch, Marion and Klaus, P.C.<br>851 Clarkson Street<br>Denver, CO 80218-3205<br>Telephone: (303) 837-1122<br>Fax: (303) 832-6750<br>E-mail: greg_falls@deisch-marion.com<br><br>Attorneys for Defendant Government Employees Insurance Company |

## EXHIBIT A

## EXPERTS OR CONSULTANTS
## ACKNOWLEDGMENT OF STIPULATED CONFIDENTIALITY ORDER

1. My full name is _____

2. My address is _____

3. My present employer is _____

4. My present occupation or job description is

5. I have been retained by counsel for **(insert party)** to act as an **(insert expert or consultant)** with respect to the above-captioned action.

6. I have received a copy of the Joint Stipulated Confidentiality Order entered in Civil Action No. 09-CV-01520-LTB-CBS. I have carefully read and understand the provisions of the Joint Stipulated Confidentiality Order. I will comply with all of the provisions of the Joint Stipulated Confidentiality Order.

7. I will not disclose any Confidential Documents or Confidential Information to any persons, except as allowed under this Joint Stipulated Confidentiality Order. I will use any such Confidential Documents and Confidential Information only with respect to my services as an expert with respect to this Civil Action No. 09-CV-01520-LTB-CBS.

8. I will either destroy or return all Confidential Documents and Confidential Information that comes into my possession to an attorney representing the party that has employed or retained me. I will likewise destroy or provide all documents which I have prepared which contain or reference such Confidential Documents or Confidential Information to an attorney representing the party that has employed or retained me. I will provide a written statement to the attorney who hired me representing that I have either returned all copies of Confidential Documents or Confidential Information to said attorney along with any notes or documents I

7

have created referencing said Confidential Documents or Confidential Information or that I have destroyed all such Confidential Documents or Confidential Information.

9.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Joint Stipulated Confidentiality Order.