IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01520-LTB-CBS

JAMIE L. SMITH,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.
_____

ORDER
_____

This matter is before me on a Motion for Partial Summary Judgment filed by Defendant, Government Employees Insurance Company ("GEICO")[**Doc # 15**], and a cross Motion for Partial Summary Judgment filed by Plaintiff, Jamie L. Smith [**Doc #18**]. Oral arguments would not materially assist me in the determination of these motions. After consideration of the parties' briefs and exhibits, I DENY both motions for the following reasons.

I. SUMMARY JUDGMENT STANDARD

The purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, I examine the factual record in the light most favorable to the party opposing summary judgment, extending to that party all reasonable factual inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the movant

carries its burden of showing the absence of a genuine issue of material fact, the non-movant must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

## II. BACKGROUND

On May 5, 2008, Plaintiff suffered injuries when an under-insured driver backed his pickup truck into her while she was a pedestrian. Plaintiff was insured by an automobile liability insurance policy issued by GEICO in 1999, which provided Bodily Injury Liability coverage limits of $300,000 per person/$300,000 per occurrence, and Uninsured/Under-Insured Motorists coverage limits of $25,000 per person/$50,000 per occurrence ("UM/UIM" coverage). After the accident, Plaintiff settled with the driver's insurer for his automobile liability policy limits of $50,000. She then presented a claim to GEICO under her policy seeking her UM/UIM benefits for her remaining uncovered damages.

After the parties disagreed as to the amount of her available UM/UIM coverage, Plaintiff filed this lawsuit. She seeks relief in the form of a declaration by this court that her policy is reformed to provide for UM/UIM coverage of $300,000 or, in any event, no less that $100,000 (First Claim for Relief). Plaintiff then seeks to recover her economic and non-economic damages under her reformed UM/UIM coverage (Second Claim for Relief), as well as damages and her attorneys fees for GEICO's denial and delay pursuant to Colo. Rev. Stat. § 10-3-1116(1) (Third Claim for Relief). Finally, she also claims that GEICO has acted in bad faith (Fourth

2

Claim for Relief). This case was subsequently removed to this court on diversity jurisdiction grounds. As such, I apply Colorado law related to UM/UIM coverage. *See e.g. Pacheco v. Shelter Mut. Ins. Co.,* 583 F.3d 735, 737 (10th Cir. 2009).

III. ANALYSIS

Both parties seek partial summary judgment in their favor on Plaintiff's claim for declaratory relief and reformation. In her complaint, Plaintiff alleges that, under Colorado law, she is entitled to UM/UIM coverage in amount commensurate with her bodily injury liability coverage of $300,000 or, in any event, no less than $100,000. GEICO maintains that she is only entitled to UM/UIM coverage of $25,000, as provided for by her policy.

Colorado law requires automobile liability policies contain a minimum amount of UM/UIM coverage of $25,000 per person/$50,000 per occurrence, unless the insured rejects such coverage. *See* Colo. Rev. Stat. § 10-4-609 & § 42-7-103(2). An insurer is required to offer its insured the option to obtain higher UM/UIM coverage amounts. Section 10-4-609(2) specifically provides, in relevant part, that "[b]efore the policy is issued or renewed, the insurer shall offer the named insured the right to obtain uninsured motorist coverage in an amount equal to the insured's bodily injury liability limits . . ." *Id.* The purpose of this statute is to provide a prospective or existing automobile insurance policyholder with an opportunity to make an informed decision about the appropriate level for his or her UM/UIM coverage and, a such, imposes a duty on the insurer to offer its policyholder the opportunity to purchase UM/UIM coverage in an amount equal to his or her bodily injury liability coverage. *Richardson v. Farmers Ins. Exch.*, 101 P.3d 1139, 1141 (Colo. App. 2004). Colorado law provides a private civil tort remedy for an insurer's breach of its duty under § 10-4-609(2). *Allstate Ins. Co. v.*

3

*Parfrey*, 830 P.2d 905, 912-13 (Colo. 1992).

Plaintiff argues that in this case GEICO breached this statutory duty. She contends that she was not asked what amount of UM/UIM coverage she wanted when she called GEICO to purchase her policy in December of 1998; instead, the minimum UM/UIM coverage limits were selected for her without her knowledge or understanding. Plaintiff further asserts she was again not offered the option to increase her UM/UIM coverage during a telephone call with an agent on July 12, 2004, when she contacted GEICO to raise her bodily injury liability coverage limits.

In contrast, GEICO argues that it fulfilled its statutory duty under § 10-4-609(2) because it offered Plaintiff higher UM/UIM coverage limits by mailing her an option form at every six-month policy renewal period. These option forms – entitled "Colorado Information and Option Form" or "Colorado Uninsured Motorists Coverage Option Form" – served to explain UM/UIM coverage and to provided Plaintiff the opportunity to change her limits, including to raise her UM/UIM coverage up to the amount of her bodily injury liability coverage. GEICO argues that the mailing of the option forms to Plaintiff was sufficient to fulfill its statutory duty.

In *Allstate v. Parfrey*, *supra*, the Colorado Supreme Court reviewed a claim against an insurer for its alleged failure to offer increased UM/UIM coverage as required by § 10-4-609(2). After finding that § 10-4-609(2) confers a statutory duty upon the insurer, and that a breach of that duty gives rise to a private cause of action against it, the Court in *Allstate v. Parfrey*, *supra*, defined the standards to determine whether an insurer properly discharged that duty. The Court ruled that "an insurer's duty of notification and offer [under § 10-4-609(2)] must be performed in a manner reasonably calculated to permit the potential purchaser to make an informed decision on whether to purchase UM/UIM coverage higher than the minimum statutory liability limits."

4

*Allstate v. Parfrey*, *supra*, 830 P.2d at 912-13.

Plaintiff argues that GEICO breached its statutory duty first when it failed to allow her to "select" her UM/UIM coverage when she initially called to purchase the policy in December of 1998 as contemplated by § 10-4-609(3)(providing that "after selection of limits by the insured . . . no insurer nor any affiliated insurer shall be required to notify any policyholder in any renewal or replacement policy, as to the availability of such coverage"). Plaintiff also alleges a breach after GEICO failed to offer her higher UM/UIM coverage when she called to increase her bodily injury liability coverage amounts in July of 2004 pursuant to § 10-4-623(3)(c)(providing that "[t]he insurer shall not have a duty to offer changes in uninsured motorist coverage to the insured even though . . . [t]he policy is reinstated, transferred, substituted, amended, altered, modified, replaced, or renewed; except that, if there is an increase in bodily injury liability limits and the limits of the uninsured motorist coverage would be less than such limits, the insurer shall offer new uninsured motorist coverage to the insured pursuant to section 10-4-609(2)").

In response, GEICO argues that even assuming, without conceding, that it failed to allow Plaintiff to select her UM/UIM coverage at the time she first purchased her policy in December of 1998 and then failed to offer her the option to increase her UM/UIM coverage when she raised her bodily injury liability coverage in July of 2004, such failures did not constitute a breach of its duty in that it subsequently offered her the option to change her UM/UIM coverage in option forms sent with her policy renewals every six months.

In support of this argument, GEICO cites to *Allstate v. Parfrey, supra*, in which the court construed § 10-4-609(2) to require a "one-time duty upon an insurer to notify an insured of the nature and purpose of UM/UIM coverage and to offer the insured the opportunity to purchase

5

such coverage" and that "[i]f the insurer fails to discharge its duty prior to the issuance of the policy, the duty continues and can be discharged only by an adequate notification and offer on some *future* occasion." *Id.* 830 P.2d at 912 (emphasis added). *See also Reid v. Geico General Ins. Co.,* 499 F.3d 1163, 1169 (10th Cir. 2007)(holding that any failure to provide its insured with written offer of enhanced personal injury protection benefits prior to issuance of the policy, as was required by § 10-4-706(4)(a), was cured by the subsequent multiple written offers); *Sigala v. Hartford Underwriters Ins. Co,* 2006 WL 1685250, 3 (D. Colo. 2006)(unpublished decision).

Under Colorado case law, I agree that even if GEICO failed to notify and give Plaintiff the option to increase her UM/UIM coverage at the time of purchase and when she raised her bodily injury liability coverage, the option forms sent to Plaintiff by GEICO at every six-month renewal period could legally suffice to discharge GEICO of its statutory duty of offer and notification under § 10-4-609(2). At issue then, is whether the option forms where "reasonably calculated to permit the [Plaintiff] to make an informed decision" as required by *Allstate v. Parfrey*, *supra*, 830 P.2d at 912-13. In making this determination, the court set out the following factors for considerations:

> [1] the clarity with which the purpose of UM/UIM coverage was explained to the insured, [2] whether the explanation was made orally or in writing, [3] the specificity of the options made known to the insured, [4] the price at which the different levels of UM/UIM coverage could be purchased, and [5] any other circumstances bearing on the adequacy and clarity of the notification and offer.

No one factor is dispositive, and the adequacy of the insurer's notification and offer must ultimately be resolved "under the totality of circumstances." *Id.* at 914.

My review of the option forms sent to Plaintiff reveals that they provide notice of what

UM/UIM coverage is and that Plaintiff – as a current policy holder – had the option to adjust her coverage by returning the form after selecting such optional coverage. It is undisputed that each offer form consisted of a separate document that was labeled clearly and was mailed with Plaintiff's renewal policy documents. However, as noted by Plaintiff, the forms did not contain premium information or rates that would have allowed her to make an informed decision about the adequacy of her UM//UIM coverage. Because the Colorado Supreme Court in *Allstate v. Parfrey, supra*, stressed the importance of providing information sufficient to allow a purchaser to make a well-educated decision on whether to purchase additional UM/UIM coverage, I find that the offer forms – in and of themselves – were not reasonably calculated to permit the Plaintiff to make an informed decision under the totality of the circumstances. *Id.* at 913. As a result, I reject GEICO's argument that it is entitled to summary judgment on this issue.

As to Plaintiff's contention that she is entitled to summary judgment on Plaintiff's breach of its statutory duty, I find that there are disputed issues of material fact as to whether she was allowed to select her UM/UIM coverage upon purchase and again at the time she increased her bodily injury liability coverage.

Plaintiff's deposition testimony, and her affidavit filed in support of this motion, is that UM/UIM coverage was neither discussed nor offered to her during any of her telephone conversations with GEICO. In addition, Plaintiff refers me to evidence of GEICO's own policies and manuals which mandate that its insured must execute an option form in order to select his or her UM/UIM coverage, and points to the fact that GEICO has not been able to produce an option form signed by her. She also refers me to her proposed expert's opinion that GEICO has not complied with the law, accepted industry standards, or its own policies in failing

to properly offer Plaintiff the option to increase her UM/UIM coverage. However, GEICO asserts that its normal business practices are that any telephone conversation with a GEICO agent would have triggered a discussion about UM/UIM coverage. Although the evidence is slight, it is disputed and as such raises an issue of material fact sufficient for GEICO to survive summary judgment at this stage. *Compare Allstate v. Parfrey, supra*, 830 P.2d at 915 (finding genuine issues of fact, concerning whether insurer ever complied with its statutory duty under § 10-4-609(2), when the insurance agent stated that it would have been his practice to offer the insured UM/UIM coverage, but neither party had a recollection of any such discussion); *with Reid v. Geico, supra,* 499 F.3d at 1166 (upholding summary judgment in favor of insurer when the insurer produced an option form – offering the insured enhanced personal injury protection as required by § 10-4-710 – that was signed and returned by the insured); *and Richardson v. Farmers Ins., supra,* 101 P.3d at 1142 (where is was undisputed that insurer failed to discuss UM/UIM benefits with the insured).

ACCORDINGLY, I DENY the Motion for Partial Summary Judgment filed by Defendant, GEICO [**Doc # 15**], and I likewise DENY the Motion for Partial Summary Judgment filed by Plaintiff, Jamie L. Smith [**Doc #18**].

Dated: May   19  , 2010, in Denver, Colorado.

                                                BY THE COURT:

                                                  s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, JUDGE